**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

April 20, 2020

**By ECF**
Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**  **United States v. Ayyad**, 93 Cr. 180; 16 Civ. 4346
**United States v. Ajaj**, 93 Cr. 180; 16 Civ. 5031
**United States v. Salameh**, 93 Cr. 180; 16 Civ. 5184

Dear Judge Kaplan:

Pursuant to this Court's order (Cr. Dkt. No. 937), we write in reply to the government's opposition (Cr. Dkt. No. 945), and in further support of movants' claim for vacatur of their Count Nine convictions for using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

This Court has ruled that the predicate crime of violence for movants' Count Nine convictions was assaulting a federal officer with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(b), as charged in Count Eight. Cr. Dkt. No. 937, at 2. As movants have shown, the jury was instructed that it could convict them on Count Eight—and thus, find the crime-of-violence element of Count Nine—on a Pinkerton theory of liability. Cr. Dkt. No. 931, at 2–3 (citing Trial Tr. 9174–75); see Pinkerton v. United States, 328 U.S. 640 (1946). Consequently, the jury was not required to find that any of the movants assaulted a federal officer. Rather, it sufficed for the jury to find that movants' co-conspirators did, and that such an assault was reasonably foreseeable. Cr. Dkt. No. 931, at 4–5. That conduct does not have as an element movants' use of violent physical force, as necessary to satisfy § 924(c)(3)(A)'s elements clause. Id. As discussed below, a recent decision from this District concludes that a Pinkerton-based conviction is not a § 924(c)(3)(A) crime of violence. United States v. Rodriguez, 2020 WL 1878112, at *17 (S.D.N.Y. Apr. 15, 2020).

None of the government's responses is persuasive. First, the government argues that movants waived this argument by failing to raise it in their initial briefs. Cr. Dkt. No. 945, at 1 n.1; see also Cr. Dkt. No. 937, at 2 & n.3. On the contrary, movants presented this argument in their first counseled submission. Movants filed their initial briefs pro se. Dkt. Nos. 859, 862, and

Hon. Lewis A. Kaplan                                                                                                     April 20, 2020
United States District Judge                                                                                                      Page 2

**Re:   United States v. Ayyad, 93 Cr. 180; 16 Civ. 4346**
          **United States v. Ajaj, 93 Cr. 180; 16 Civ. 5031**
          **United States v. Salameh, 93 Cr. 180; 16 Civ. 5184**

863. By Standing Orders, this District's chief judges appointed the Federal Defenders of New York to represent all prisoners with potential claims based on Johnson v. United States, 135 S. Ct. 2551 (2015), and specified that Federal Defenders would file supplemental briefs in support of these claims. In re: Motions for Sentencing Reductions Under 28 U.S.C. § 2255 in Light of Johnson v. United States, 15 Misc. 373 (S.D.N.Y. Nov. 18, 2015); In re: Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. June 8, 2016). Indeed, the latter Standing Order "suggested that individual judges defer any consideration of such petitions until the filing of the supplemental" briefs. 16 Misc. 217, at 2. Because these Standing Orders guaranteed movants representation, and contemplated that their Johnson claims would be resolved only after counseled submissions, this Court should treat Cr. Dkt. No. 931 (their first counseled brief) as their initial brief, for purposes of analyzing waiver.

          In the alternative, this Court should construe Cr. Dkt. No. 931 as a permissible amendment to movants' pro se motions. Fed. R. Civ. P. 15(a)(2)—which applies to § 2255 proceedings, e.g., Thristino v. United States, 379 F. Supp. 2d 510, 514 (S.D.N.Y. 2005)—allows a party to amend its pleading with "the court's leave," and provides that "[t]he court should freely give leave when justice so requires." Rule 15 embodies a "liberal amendment policy," Ching v. United States, 298 F.3d 174, 179 (2d Cir. 1998), which "promotes consideration of all a party's claims on the merits," Littlejohn v. Artuz, 271 F.3d 360, 364 (2d Cir. 2001). While pro se, movants challenged their Count Nine convictions on the ground that the predicate § 111 offense was not an elements-clause crime of violence. E.g., Cr. Dkt. No. 859, at 5. Once counseled, movants fleshed out that claim with additional legal argument concerning the Pinkerton instruction—argument that became relevant after the government contended that the predicate was § 111(b) in particular. Cr. Dkt. No. 928, at 7–8. Under these circumstances, amendment is proper. See Pierre v. Ercole, 607 F. Supp. 2d 605, 607 (S.D.N.Y. 2009) (LAK) ("[P]etitioner seeks to amend only by providing further discussion of the ... law supporting the claim. Petitioner therefore will be permitted to amend this aspect of his petition."). Nor has the government suffered prejudice from this sequencing: the issue is purely legal, and the government has had an opportunity to respond.

          Next, the government argues that this claim is procedurally defaulted. Cr. Dkt. No. 945, at 2. Movants can demonstrate cause and prejudice to excuse any default. "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." Reed v. Ross, 468 U.S. 1, 16 (1984). A claim is novel when it is based on "a 'new' constitutional rule, representing 'a clear break with the past.'" Id. at 17 (quoting United States v. Johnson, 457 U.S. 537, 549 (1982)). And a "new" rule emerges when the Supreme Court "explicitly overrule[s] one of [its] precedents." Id. As numerous courts have concluded, Johnson, which overruled James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 564 U.S. 1 (2011), announced such a new rule, providing § 2255 movants with cause for defaulting Johnson-based challenges to 18 U.S.C. § 924(c)(3)(B)'s residual clause. In this District alone, see Aquino v. United States, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020); Vilar v. United States, 2020 WL 85505, at *1

Hon. Lewis A. Kaplan                                                                April 20, 2020
United States District Judge                                                              Page 3

**Re:   United States v. Ayyad, 93 Cr. 180; 16 Civ. 4346**
**United States v. Ajaj, 93 Cr. 180; 16 Civ. 5031**
**United States v. Salameh, 93 Cr. 180; 16 Civ. 5184**

(S.D.N.Y. Jan. 3, 2020); and Camacho v. United States, 2019 WL 3838395, at *2 (S.D.N.Y. Aug. 15, 2019). As Judge Seibel put it in Vilar, there is no "indication that [United States v. Davis, 139 S. Ct. 2319 (2019)] (or its predecessors Sessions v. Dimaya, 138 S. Ct. 1204 (2018), or [Johnson]) was even close to anybody's radar screen in 1997 or 1998"—when movants' litigated their direct appeal. 2020 WL 85505, at *1.[1] The government identifies no decision holding that Johnson's novelty fails to supply cause, and no case where a defendant even raised a vagueness challenge to § 924(c)(3)(B)'s residual clause in late 1990s, when the government says that movants should have done so. That comes as no surprise: the government itself has argued that "before ... Johnson, ... no lower court or Justice ... had suggested that [18 U.S.C. § 16(b), which is identical to § 924(c)(3)(B)], raised constitutional vagueness concerns. ... The stability in this area of the law is directly attributable to the more precise text of [§] 16(b)." Brief for United States 11, Dimaya, supra (Nov. 14, 2016), available at 2016 WL 6768940.

If movants are right on the merits, they have also shown prejudice: their § 924(c) convictions and 60-month consecutive sentences violate the Fifth Amendment's Due Process Clause. See Aquino, 2020 WL 1847783, at *2; Camacho, 2019 WL 3838395, at *2; Lassend v. United States, 898 F.3d 115, 123; Cross v. United States, 892 F.3d 288, 295 (7th Cir. 2018); United States v. Snyder, 871 F.3d 1122, 1127–28 (10th Cir. 2017) (all treating prejudice and merits inquiries as congruent); see also Dota v. United States, 368 F. Supp. 3d 1354, 1363 (C.D. Cal. 2018) (accepting government's concession that invalid § 924(c) conviction and 60-month consecutive sentence constitutes prejudice).

Finally, the government contends that movants' Pinkerton argument fails on the merits. Cr. Dkt. No. 945, at 2–3. It is immaterial that, as the government notes, the Second Circuit upheld the Pinkerton instruction on direct appeal. Id. at 2 (citing United States v. Salameh, 152 F.3d 88 (2d Cir. 1998)). Movants do not dispute that the jury could properly have convicted them on Count Eight on a Pinkerton theory of liability. But the Pinkerton instruction means that the minimum conduct necessary for conviction on Count Eight—the correct unit of analysis when applying the categorical approach—was not movants' use of a deadly weapon to assault federal officers; rather, it was movants' membership in a conspiracy where others did so. Likewise, it does not matter that the Count Eight convictions can be described, by operation of the Pinkerton

---

[1] For other decisions finding cause for defaulting Johnson-based claims, see Lassend v. United States, 898 F.3d 115, 122–23 (1st Cir. 2018); Cross v. United States, 892 F.3d 288, 295–96 (7th Cir. 2018); United States v. Snyder, 871 F.3d 1122, 1127 (10th Cir. 2017); United States v. Redrick, 841 F.3d 478, 480 (D.C. Cir. 2016); Morrison v. United States, 2019 WL 2472520, at *8 (S.D. Cal. June 12, 2019); Brymer v. United States, 353 F. Supp. 3d 144, 149 (D. Mass. 2019); Dota v. United States, 368 F. Supp. 3d 1354, 1362 (C.D. Cal. 2018); United States v. Long Hoah Thanh, 2018 WL 3972297, at *17 (N.D. Cal. Aug. 20, 2018); United States v. Meza, 2018 WL 2048899, at *7 (D. Mont. May 2, 2018); Royer v. United States, 324 F. Supp. 3d 719, 735–36 (E.D. Va. 2018); Velleff v. United States, 307 F. Supp. 3d 891, 894 (N.D. Ill. 2018).

Hon. Lewis A. Kaplan  April 20, 2020
United States District Judge  Page 4

**Re:  United States v. Ayyad, 93 Cr. 180; 16 Civ. 4346**
**United States v. Ajaj, 93 Cr. 180; 16 Civ. 5031**
**United States v. Salameh, 93 Cr. 180; 16 Civ. 5184**

doctrine, as "substantive" rather than "conspiratorial" violations of § 111(b). Cr. Dkt. No. 945, at 2. What matters is not the label attached to the conviction, Taylor v. United States, 495 U.S. 575, 590–92 (1990), but the minimum conduct necessary to commit the elements of the offense.

The government's reliance on out-of-Circuit district court cases is misplaced. The principal decision discussed, United States v. Woods, 2020 WL 999036 (E.D. Mich. March 3, 2020), is inapposite; there, the Pinkerton argument concerned the § 924(c) offense itself, not, as here, the predicate crimes of violence. Woods was convicted of: (i) conspiracy to commit murder in aid of racketeering; and (ii) a § 924(c) offense, pursuant to a Pinkerton theory of liability. 2020 WL 999036, at *1. In his motion for judgment of acquittal, Woods argued that "the jury may have improperly predicated his [§ 924(c)] conviction on his conspiracy to commit murder conviction ... due to the government's reliance on the Pinkerton instruction." Id. at *6. The district court denied the motion because the predicate crimes of violence for the § 924(c) offense were undisputed elements-clause crimes of violence: attempted murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering. Id. Consequently, the court had no occasion to consider the argument that movants advance here about the impact of a Pinkerton instruction on the status of predicate offenses as § 924(c)(3)(A) crimes of violence.[2]

In contrast, the recent decision in Rodriguez accepts movants' Pinkerton argument. 2020 WL 1878112. There, the court granted § 2255 relief from § 924(c) convictions predicated on murder and attempted murder in aid of racketeering, where those predicates had been charged to the jury on direct, aiding and abetting, and Pinkerton theories. Judge Haight explained: "[Davis], retroactively applicable, would clearly disqualify verdicts of substantive guilt based on the Pinkerton theory of liability. ... Davis eliminates conspiracy as a valid predicate for a § 924(c) conviction, and its retroactive application renders unconstitutional guilty verdicts the jury might have returned ... on the basis of Pinkerton." 2020 WL 1878112, at *17.

---

[2] None of the government's other authorities squarely confronts and rejects movants' Pinkerton argument. Clinton v. United States upheld a § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery. 2019 WL 6040470, at *1, 3 (W.D.N.C. Nov. 14, 2019). In Moore v. United States, the defendant argued that the jury instructions "permitted the jury to find [him] guilty of violating § 924(c) based solely on conspiring to commit Hobbs Act robbery." 2019 WL 5454487, at *2 (W.D.N.C. Oct. 23, 2019). The court disagreed, concluding that the defendant was "found guilty of violating § 924(c) based on substantive Hobbs Act robbery," and that "[h]is assertion that the § 924(c) conviction was based on Hobbs Act conspiracy is conclusively refuted by the record." Id. at *3. And in United States v. Singleton, the defendant unsuccessfully challenged the Pinkerton instruction on the § 924(c) predicate on the ground that the instruction had constructively amended the indictment. 2019 WL 3454662, at *2 (D.S.C. July 31, 2019).

Hon. Lewis A. Kaplan  April 20, 2020
United States District Judge  Page 5

**Re:** **United States v. Ayyad**, 93 Cr. 180; 16 Civ. 4346
  **United States v. Ajaj**, 93 Cr. 180; 16 Civ. 5031
  **United States v. Salameh**, 93 Cr. 180; 16 Civ. 5184

Accordingly, this Court should vacate the movants' Count Nine convictions.

Sincerely,

/s/
Robert M. Baum
Daniel Habib
Asst. Federal Defenders
Tel.: (212) 417-8760 (Mr. Baum)
  (212) 417-8769 (Mr. Habib)

CC: Government Counsel (by ECF)