UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

MOHAMMAD SALAMEH,

                Movant,

          -against-                                 22-cv-3267 (LAK)
                                                              [93-cr-0180 (LAK)]

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge*.

        Movant and others were convicted in the same criminal case of multiple felony counts in connection with the 1993 World Trade Center bombing. Mr. Salameh seeks relief pursuant to 28 U.S.C. § 2255 on the grounds that (1) he received ineffective assistance of counsel, and (2) the predicate offense for Count Nine – assault on a federal official in violation of 18 U.S.C. § 111 – is no longer a crime of violence under *United States v. Taylor*, 142 S. Ct. 2015 (2022). He moves also to appoint counsel to support his 2255 motion. Finding no merit in either ground, the 2255 motion is denied and the motion for appointment of counsel is denied as moot.

        Mr. Salameh's first argument is that he received ineffective assistance of counsel because his trial counsel (1) erred in failing to move to recuse Judge Duffy, and (2) failed to adequately cross examine one of the government's witnesses. For the reasons argued by the government, Mr. Salameh has not established that his counsel was constitutionally ineffective. (Dkt 1064 at 4-8.)[1] He

---

[1] Unless otherwise indicated, Dkt references are to the docket in 93-cr-1080 (LAK).

2

has demonstrated neither that counsel's performance fell below an objective standard of reasonableness nor prejudice.

Mr. Salameh's second argument is that the predicate offense for Count Nine, assault of a federal official, is no longer a crime of violence under *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A) because it does not have as an element the use, attempted use, or threatened use of physical force. 142 S. Ct. at 2021. The ruling in *Taylor* is inapposite here. As this Court explained previously, Mr. Salameh was convicted on Count Eight of the substantive assault on a federal official. Dkt 959 at 4. That crime has as an element the use, attempted use, or threatened use of physical force – specifically, that the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury" in the commission of an assault on a federal official. 18 U.S.C. § 111(b). *Taylor* bears no implication as to whether the predicate offense here is a crime of violence, and provides no basis otherwise for this Court to reconsider its earlier ruling with respect to Count Nine.

Accordingly, the 2255 motion is denied in all respects. The motion for appointment of counsel is denied as moot. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:     May 18, 2023

_____
Lewis A. Kaplan
United States District Judge